UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LYDIA DIANE JONES,

        Plaintiff,

        v.

JAHIDUR RAHMAN et al.,

        Defendants.

_____

        25-CV-149-LJV
        DECISION & ORDER

On February 14, 2025, the pro se plaintiff, Lydia Diane Jones ("Lydia Jones" or "Jones"), commenced this action, asserting claims related to a foreclosure proceeding against her in state court. Docket Item 1. Jones originally brought claims for fraud, as well as claims under 28 U.S.C. § 2409a and other state and federal laws, against Jahidur Rahman, the "wrongful owner" of Jones's foreclosed property; Wells Fargo Bank, N.A. ("Wells Fargo"), the "[f]raudulent [l]ender"; and Catherin B. Dempsey, the referee of the sale of the property. *See id.* at 1, 2; *see also id.* at 3-4. On April 25, 2025, Jones amended her complaint to add New York State Supreme Court Justice Diane Y. Devlin, the judge who ordered the foreclosure; Natalie Giralo, the attorney who represented Wells Fargo in the foreclosure proceedings; and Giralo's law firm, McCabe, Weisberg & Conway, P.C., as defendants. *See* Docket Item 7.

About three weeks after filing the complaint, Jones moved for a temporary restraining order, preliminary injunction, and expedited hearing to "stop a [f]raudulent sale." *See* Docket Item 3 at 1. For the reasons that follow, the Court denies that motion.

## **BACKGROUND**[1]

On December 28, 1955, James Jones ("James") and Nettie Jones ("Nettie") obtained title to the property located at 141 Donaldson Road, Buffalo, NY 14208 ("the property"). Docket Item 7 ¶ 5. In 2009, James died and the plaintiff, Lydia Jones, became the administrator of his estate. *Id.* ¶ 1. "[T]he Surrogate['s] Court of the State of New York, Erie County[,] issued [Lydia Jones l]etters of [a]dministration" and a Certificate of Appointment of Administrator. *Id.* ¶ 1; *see id.* at 13. Lydia Jones deeded the property to herself that same year. *See* Docket Item 12-4.

About four years later, on July 8, 2013, Wells Fargo commenced a foreclosure action on the property in New York State Supreme Court, Erie County. *See* Docket Item 7 ¶¶ 5-9. Giralo, then employed at McCabe, Weisberg & Conway, P.C., represented Wells Fargo in that action. *Id.* ¶ 9. On June 6, 2017, Justice Devlin "granted 'foreclosure'" of the property, and it subsequently was sold. *Id.* ¶ 19; *id.* at 28-29 (Referee's Report of Sale); *id.* at 30 (Statement of Sale).

Much of what Jones alleges is conclusory, unclear, or both. She seems to claim that the foreclosure of the property was not done correctly, but she also alleges "fraud" and the violation of various other federal and state laws. *See generally id.* For instance, in her request for relief, she lists securities fraud, identity theft, violations of the Racketeer Influenced and Corrupt Organizations Act, and violations of the rights of

---

[1] The facts are largely taken from the amended complaint, Docket Item 7. Although Jones did not timely amend her complaint, *see* Federal Rule of Civil Procedure 15(a)(1)(B), the Court accepts Jones's amended complaint in light of her pro se status.

indigenous peoples. *See id.* at 7. But the facts supporting those claims are unclear at best.

**DISCUSSION**

Jones requests a temporary restraining order, preliminary injunction, and expedited hearing to "stop a [f]raudulent sale" of the property. *See* Docket Item 3 at 1. Taken literally, that request is moot because the property has already been sold. *See Wells Fargo Bank, N.A. v. Jones*, Case No. 800883/2013, Docket Item 106 (Sup. Ct. Erie Cty. June 6, 2017); *see also* Docket Item 7 at 28-29 (Referee's Report of Sale attached to amended complaint); *id.* at 30 (Statement of Sale attached to amended complaint); *see generally id.* (amended complaint apparently arguing that order of foreclosure was issued unlawfully).

Construed liberally, however, Jones's motion for a temporary restraining order and preliminary injunction also asks the Court to find that the foreclosure was unlawful and to reverse the judgment of foreclosure. But that injunctive relief is barred by the *Rooker-Feldman* doctrine. *See St. Maarten v. J.P. Morgan Chase Bank, N.A.*, 2021 WL 2217503, at *2-3 (E.D.N.Y. Jan. 14, 2021) (finding that the "[p]laintiff's application for injunctive relief" to enjoin a state foreclosure judgment was "barred by the *Rooker-Feldman* doctrine").

Under *Rooker-Feldman*, "federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state[ ]court decision." *St. Maarten*, 2021 WL 2217503, at *2 (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923)); *see Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (noting that "[t]he [*Rooker-Feldman*] doctrine is rooted in the principle that

3

appellate jurisdiction to reverse or modify a state[ ]court judgment is lodged exclusively in the Supreme Court" (alterations, citation, and internal quotation marks omitted)).  In other words, *Rooker-Feldman* applies to cases "brought by state[ ]court losers complaining of injuries caused by state[ ]court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Second Circuit has "articulated a four-part test" for determining whether the *Rooker-Feldman* doctrine applies in a given case.  *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023).  Under that test, a district court cannot exercise jurisdiction if: "(1) the federal[ ]court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (citation omitted).

Jones's motion for injunctive relief meets all the *Rooker-Feldman* criteria:  (1) Jones "lost" in state court when the judgment of foreclosure was issued, *see* Docket Item 7 ¶ 19; *Jones*, Case No. 800883/2013, Docket Item 106; (2) she complains of injuries from that state court judgment—that is, she complains that the judgment deprived her of "access to" her family home and "ancestral property rights," Docket Item 3 at 2; (3) she invites this Court to review and reject the judgment of foreclosure in state court—indeed, Jones's motion explicitly says that she "is challenging the [state] court's jurisdiction to foreclose on her[] or auction the property" and she urges this Court to "stop the [foreclosure and s]ale immediately," *id.* at 2, 3; and (4) the foreclosure judgment was issued nearly eight years before her case was filed in this Court, *see*

*Jones*, Case No. 800883/2013, Docket Item 106; *see also* Docket Item 7 (amended complaint) ¶ 19.

*Rooker-Feldman* therefore bars the injunctive relief that Jones requests, which "amounts to an objection to the disposition of the foreclosure action" in state court.  *See Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (summary order).  And that bar applies even though Jones suggests that the foreclosure judgment was obtained through a fraudulent scheme to "steal" her private property.  *See Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (holding that the plaintiff's "argument that [a foreclosure] judgment was void because it was obtained through a fraudulent scheme . . . d[id] not defeat application of *Rooker-Feldman*").

Among other things, a plaintiff seeking a preliminary injunction or temporary restraining order must show a "likelihood of success on the merits" or "sufficiently serious questions going to the merits to make them a fair ground for litigation[] and a balance of hardships tipping decidedly in the movant's favor."  *Trump v. Deutsche Bank AG*, 943 F.3d 627, 636 (2d Cir. 2019), *vacated sub nom. Trump v. Mazars USA, LLP*, 591 U.S. 848 (2020).  Because this Court "lack[s] jurisdiction to invalidate the foreclosure judgment," *see Worthy-Pugh*, 664 F. App'x at 21, Jones has not made a sufficient showing under either standard.[2]

For all those reasons, Jones's motion for a temporary restraining order, preliminary injunction, and emergency hearing is denied.  The Court is sympathetic to

---

[2] Because Jones has not made a sufficient merits-based showing under either of these two standards, this Court does not address any other element for a temporary restraining order or preliminary injunction.  *See Trump*, 943 F.3d at 641.

the hardships that foreclosures can cause, but federal district courts cannot "reverse or modify" state court judgments.  *See Vossbrinck*, 773 F.3d at 426.

## CONCLUSION

For the reasons stated above, Jones's motion for a temporary restraining order, preliminary injunction, and expedited hearing, Docket Item 3, is DENIED.


SO ORDERED.

Dated:   March 30, 2026
         Buffalo, New York


                                      /s/ Lawrence J. Vilardo
                                     LAWRENCE J. VILARDO
                                     UNITED STATES DISTRICT JUDGE