UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LYDIA DIANE JONES,

        Plaintiff,

        v.

JAHIDUR RAHMAN et al.,

        Defendants.

25-CV-149-LJV
DECISION & ORDER

---

On February 14, 2025, the pro se plaintiff, Lydia Diane Jones ("Lydia Jones" or "Jones"), commenced this action, asserting claims related to a mortgage foreclosure proceeding against her in state court.  Docket Item 1.  Jones originally sued Jahidur Rahman, the current owner of Jones's foreclosed property; Wells Fargo Bank N.A. ("Wells Fargo"), the mortgage lender; and Catherine B. Dempsey, the referee of the sale of the property.  *See id.*  On April 25, 2025, Jones amended her complaint to add New York State Supreme Court Justice Diane Y. Devlin, the judge who ordered the foreclosure; Natalie Giralo, the attorney who represented Wells Fargo in the foreclosure proceedings; and McCabe, Weisberg & Conway, P.C., Giralo's law firm, as defendants. Docket Item 7.

About three weeks after filing the initial complaint, Jones moved for a temporary restraining order, preliminary injunction, and expedited hearing to "stop a fraudulent sale" of the foreclosed property.  Docket Item 3 at 1.[1]  The Court has since denied that motion.  *See* Docket Item 26.  But Jones filed two additional motions that request the

---

[1] Page numbers in docket citations refer to ECF pagination.

same relief: vacating the foreclosure sale of a property that she once owned, Docket Item 23, and enjoining the sale or transfer of that property, Docket Item 24.  For the reasons stated below and in its decision and order of March 30, 2026, Docket Item 26, the Court denies Jones's motions, Docket Items 23 and 24.

Also before the Court are motions to dismiss filed by Rahman, Docket Item 5; Wells Fargo, Docket Item 11; and Justice Devlin, Docket Item 14.  After Jones opposed those motions, *see* Docket Items 8, 18, and 19, Wells Fargo and Devlin replied, *see* Docket Items 21 and 22.  For the reasons that follow, the Court grants the motions to dismiss, Docket Items 5, 11, and 14.

### BACKGROUND[2]

On December 28, 1955, James Jones ("James") and Nettie Jones ("Nettie") obtained title to the property located at 141 Donaldson Road, Buffalo, NY 14208 ("the property").  Docket Item 7 ¶ 5.  In 2009, James died and his daughter—the plaintiff, Lydia Jones—was named administrator of his estate.  *Id.* ¶ 1.  "[T]he Surrogate['s] Court of the State of New York, Erie County[,] issued [Lydia Jones l]etters of [a]dministration" and a Certificate of Appointment of Administrator.  *See id.* at 1, 13.  Lydia Jones deeded the property to herself that same year.  *See* Docket Item 12-4.

---

[2] The following facts are largely taken from the amended complaint, Docket Item 7, including its attached exhibits.  On a motion to dismiss, the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  Moreover, because Jones is proceeding pro se, the Court "construe[s her amended] complaint liberally."  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  And although Jones did not timely amend her complaint, *see* Federal Rule of Civil Procedure 15(a)(1)(B), the Court accepts Jones's amended complaint in light of her pro se status.

About four years later, on July 8, 2013, Wells Fargo commenced a foreclosure action against Lydia Jones in New York State Supreme Court, Erie County. *See* Docket Item 7 ¶ 9. Giralo, then employed at McCabe, Weisberg & Conway, P.C., represented Wells Fargo in that action. *Id.* ¶ 9. On June 6, 2017, Justice Devlin "granted 'foreclosure'" of the property,[3] and it subsequently was sold. Docket Item 7 at 4, 28-29 (Referee's Report of Sale), 30 (Statement of Sale).

Much of what Jones alleges is conclusory, unclear, or both. She seems to claim that foreclosure of the property was not done correctly, but she also alleges "fraud" and the violation of various other federal and state laws. *See generally id.* For instance, in her request for relief, she lists securities fraud, identity theft, violations of the Racketeer Influenced and Corrupt Organizations Act, and violations of the rights of indigenous peoples. *See id.* at 7. But the facts supporting those claims are unclear at best.

## **LEGAL STANDARDS**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a

---

[3] The Court takes judicial notice of the foreclosure action against Jones in New York State Supreme Court, *Wells Fargo Bank, N.A. v. Jones*, Case No. 800883/2013, Docket Item 106 (Sup. Ct. Erie Cty. June 6, 2017), and the final judgment of foreclosure in that case, *see id.*, Docket Item 127 (Sup. Ct. Erie Cty. May 21, 2018). *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may . . . look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *Romaka v. H&R Block Mortg. Corp.*, 2018 WL 4783979, at *3 n.4 (E.D.N.Y. Sept. 30, 2018) ("[A c]ourt may take judicial notice of the filings in [a state f]oreclosure [a]ction." (citation omitted)).

preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief," but that presumption is not afforded to "legal conclusions." *Id.* at 678-79. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"A court faced with a motion to dismiss [under] both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a "motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction" (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946))).

4

**DISCUSSION**

I.    **JUSTICE DEVLIN'S MOTION TO DISMISS**

Justice Devlin argues that Jones's claims against her should be dismissed because they are "barred by the *Rooker-Feldman* doctrine," judicial immunity, and the relevant statute of limitations.  *See* Docket Item 14-1 at 2-6 (capitalization altered). Justice Devlin's motion to dismiss raises the absence of subject matter jurisdiction, so the Court addresses that issue first.  *See Magee*, 27 F. Supp. 2d at 158; *see also Rhulen Agency, Inc.*, 896 F.2d at 678.  And because the Court lacks subject matter jurisdiction over the claims against Justice Devlin, it dismisses those claims and will not address her other arguments for dismissal.

Under *Rooker-Feldman*, "federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state[ ]court decision."  *St. Maarten v. J.P. Morgan Chase Bank, N.A.*, 2021 WL 2217503, at *2 (E.D.N.Y. Jan. 14, 2021) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 486-87 (1983)); *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (noting that "[t]he [*Rooker-Feldman*] doctrine is rooted in the principle that appellate jurisdiction to reverse or modify a state[ ]court judgment is lodged exclusively in the Supreme Court" (alterations, citation, and internal quotation marks omitted)).  In other words, *Rooker-Feldman* applies to cases "brought by state[ ]court losers complaining of injuries caused by state[ ]court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Second Circuit has "articulated a four-part test" for determining whether the *Rooker-Feldman* doctrine applies in a given case.  *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023).  Under that test, a district court cannot exercise jurisdiction if: "(1) the federal[ ]court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (citation omitted).

Jones's claim that Justice Devlin wrongfully ordered the foreclosure of the property meets all the *Rooker-Feldman* criteria: (1) Jones "lost" in state court when the judgment of foreclosure was issued, *see* Docket Item 7 ¶ 19; *Wells Fargo Bank, N.A. v. Jones*, Case No. 800883/2013, Docket Item 127 (Sup. Ct. Erie Cty. May 21, 2018); (2) she complains of injuries from that state court judgment—that is, she complains that the judgment ratified "[t]heft" of property and her inheritance, *see* Docket Item 7 at 7; (3) she invites this Court to review and reject the judgment of foreclosure in state court— indeed, Jones's amended complaint asks this Court to "[r]eturn" the property to her, *id.*; and (4) the foreclosure judgment was issued nearly eight years before her case was filed in this Court, *see id.* ¶ 19; *see also Jones*, Case No. 800883/2013, Docket Item 127.

Because Jones alleges injuries from the foreclosure judgment itself, this Court lacks subject matter jurisdiction over those claims.  And because Jones's only claim against Justice Devlin arises from the property foreclosure judgment, *see* Docket Item 7 ¶ 19; *see also* Docket Item 18 at 1-2, all the claims against Justice Devlin are dismissed without prejudice.

6

## II.    WELLS FARGO'S MOTION TO DISMISS

Wells Fargo also argues that Jones's claims against it are barred by *Rooker-Feldman*; alternatively, Wells Fargo argues that Jones's claims are barred by res judicata and collateral estoppel or by the failure to state a viable claim.  Docket Item 13 (memorandum of law in support of Wells Fargo's motion to dismiss) at 13-24.  The Court agrees that either *Rooker-Feldman* or res judicata bars all claims against Wells Fargo, and it therefore does not reach Wells Fargo's argument that Jones has failed to state claims for wrongful foreclosure, for common law fraud, and to quiet title.

### A.    *Rooker-Feldman*

#### 1.    Wrongful Foreclosure Claim

For the reasons explained above, *see supra* section I., insofar as Jones claims injury stemming from the foreclosure judgment itself, *Rooker-Feldman* bars her claims not only against Justice Devlin but against all defendants.  So Jones's claims against Wells Fargo arising from the judgment of foreclosure also are dismissed for lack of subject matter jurisdiction.

#### 2.    Fraud Claim

Although Jones's claims are ill-defined, a liberal reading of the amended complaint suggests that Wells Fargo engaged in fraudulent conduct in connection with the state court foreclosure proceedings.  *Rooker-Feldman* does not bar those claims because they stem not from the foreclosure judgment itself but from what Jones says was conduct that gave rise to that judgment.  *See Hunter*, 75 F.4th at 71.  Indeed, the Second Circuit has held that although *Rooker-Feldman* bars federal courts from reviewing foreclosure judgments, it does not bar claims for damages for fraudulent

conduct allegedly related to or underlying foreclosure proceedings. *See Vossbrinck*, 773 F.3d at 427 (holding that "[t]o the extent [the] *pro se* complaint can be liberally construed as asserting fraud claims that . . . seek damages from [the d]efendants for injuries [the plaintiff] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment," those claims are not barred by *Rooker-Feldman*).

To the extent that Jones seeks return of the property to her, she asks this Court to "sit in review of the state court judgment" which it cannot do under *Rooker-Feldman*. *See Vossbrinck*, 773 F.3d at 427. But the Court liberally reads the complaint to seek more than that and therefore finds that *Rooker-Feldman* does not bar all of Jones's fraud claims. *See id.*

### 3. Quiet Title Claim[4]

Wells Fargo says that after Justice Devlin ordered the foreclosure of Jones's property, Jones filed a state court action against Wells Fargo to quiet title.[5] *See* Docket

---

[4] Jones seems to have amended her quiet title claim under 28 U.S.C. § 2409a to a claim under New York Real Property Actions and Proceedings Law § 1515. *Compare* Docket Item 1 *with* Docket Item 7.

[5] Even though Jones does not mention it in her complaint or amended complaint, the Court takes judicial notice of the quiet title action that Jones brought against Wells Fargo in New York State Supreme Court, *Jones v. Honest Property Management & Multi Services, Inc.*, Case No. 809153/2019, Docket Item 1 (Sup. Ct. Erie Cty. July 25, 2019). *See Blue Tree Hotels Inv. (Canada), Ltd.*, 369 F.3d at 217 (stating that courts "may . . . look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *see also Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) ("In resolving a Rule 12(b)(1) motion, the [c]ourt may consider evidence outside of the pleading to determine whether a plaintiff has established subject matter jurisdiction by a preponderance of the evidence." (citing *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008))).

Item 13 at 8, 10.  And insofar as Jones asks this Court to review any judgment issued in the quiet title action, *Rooker-Feldman* bars such a claim.  But for the same reason that *Rooker-Feldman* does not bar claims for alleged fraud in obtaining the foreclosure judgment, it likewise does not bar claims for fraud in obtaining the quiet title judgment.

In other words, just as *Rooker-Feldman* precludes this Court from reviewing the foreclosure judgment, so it precludes the Court from reviewing the judgment in the quiet title claim, and any such claim in this case therefore is dismissed.  But just as *Rooker-Feldman* does not bar claims for fraud in obtaining the foreclosure judgment, so it does not bar the same claims in connection with the action to quiet title.

### B.    Res Judicata and Collateral Estoppel

The Court next considers whether issue or claim preclusion bars Jones's fraud claims against Wells Fargo.  The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal district courts to "give the same preclusive effect to a state[ ]court judgment as another court of that [s]tate would give [to that judgment]."  *Exxon Mobil Corp.*, 544 U.S. at 293.  Therefore, New York law governs the preclusive effect this Court must afford to the judgment of foreclosure entered against Jones in New York State Supreme Court under the doctrines of res judicata and collateral estoppel.  *See Buczek v. Seterus LLC*, 2021 WL 2917684, at *4 (W.D.N.Y. July 12, 2021) ("To determine the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state." (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000))); *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) ("Because the prior decision was rendered by a New York state court, New York's res judicata and collateral estoppel doctrines govern." (italics omitted)).

Wells Fargo argues that even if this Court has jurisdiction over some or all of Jones's claims against it, those claims are barred by res judicata and collateral estoppel. Docket Item 13 at 15-18. For the reasons that follow, this Court agrees.

Under the doctrine of res judicata, also known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Buczek*, 2021 WL 2917684, at \*5. New York takes a "transactional approach to the rule, [so] once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Josey v. Goord*, 9 N.Y.3d 386, 389-90, 880 N.E.2d 18 (2007) (citation and internal quotation marks omitted).

"Under New York law, res judicata bars a claim where (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Lorick v. Kilpatrick Townsend & Stockton LLP*, 2021 WL 7906510, at \*9 (E.D.N.Y. Aug. 20, 2021) (citations and internal quotation marks omitted), *report and recommendation adopted*, 2022 WL 1104849 (E.D.N.Y. Apr. 13, 2022); *see Dekom v. Fannie Mae*, 846 F. App'x 14, 19 (2d Cir. 2021) (summary order). "New York takes 'a pragmatic and flexible attitude toward claim preclusion, recognizing that the doctrine, if applied too rigidly, could work considerable injustice.'" *Hansen v. Miller*, 52 F.4th 96, 101 (2d Cir. 2022) (quoting *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111, 170 N.E.3d 733, 736

(2021)). Moreover, "[p]ro se litigants are equally bound by the doctrine of res judicata." *Romaka v. H&R Block Mortg. Corp.*, 2018 WL 4783979, at *5 (E.D.N.Y. Sept. 30, 2018).

The first res judicata requirement clearly is met here. The judgment of foreclosure was ordered by the New York State Supreme Court, *see Jones*, Case No. 800883/2013, Docket Item 127, which is a "court of competent jurisdiction," *see Borrani v. Nationstar Mortgage LLC*, 820 F. App'x 20, 22 (2d Cir. 2020) (summary order) (noting that to have preclusive effect, a prior judgment must be issued by a "court of competent jurisdiction"). More specifically, a judgment of foreclosure and sale was entered after Justice Devlin granted Wells Fargo's motion for summary judgment and a default judgment, *see Jones*, Case No. 800883/2013, Docket Items 83 and 106, and that was a "final judgment on the merits," *see Dekom*, 846 F. App'x at 19 (holding that "[a] foreclosure default judgment [wa]s a final judgment on the merits"); *see also Niles v. Wilshire Inv. Group, LLC*, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012) ("A judgment of foreclosure and sale obtained by default constitutes a decision on the merits.").

Second, the foreclosure action "involved the same adverse parties or those in privity with them." *See Lorick*, 2021 WL 7906510, at *9. Jones, of course, is the plaintiff in this action and was a defendant in the foreclosure action. *Jones*, Case No. 800883/2013. Similarly, Wells Fargo was the plaintiff in the foreclosure action and is a defendant in this one. *See id.*

Third, and finally, the claims that Jones makes here "were, or could have been, raised in the prior action." *Lorick*, 2021 WL 7906510, at *9. As already explained above, under New York law, the claims in two suits need not be exactly the same for res judicata to apply. Instead, the question is whether "the claims are based on the same

11

set of facts." *Harris v. BNC Mortg., Inc.*, 737 F. App'x 573, 576 (2d Cir. 2018) (summary order).  In *Dekom*, for example, the Second Circuit held that the third res judicata requirement was satisfied when the plaintiff's "federal complaint allege[d] that . . . [a] foreclosure action was fraudulently brought and prosecuted [against him]" because "[the plaintiff's] claim rest[ed] on the same [set of] facts that [the three defendants in the federal action] were obliged to show to secure foreclosure" in the state action. *See Dekom*, 846 F. App'x at 20.

Here, Jones's fraud claims—including "identity theft" and "securities fraud," *see* Docket Item 7 at 7—could have been raised in the foreclosure action.  The facts and justifications underlying the foreclosure judgment were, of course, essential to securing that judgment.  *See Jones*, Case No. 800883/2013, Docket Items 106 and 127; *see Dekom*, 846 F. App'x at 20.  And because this case relies on those same facts—the events leading up to the foreclosure of the property—Jones could have raised the claims here in the foreclosure action.[6]  Therefore, the third res judicata requirement is met.

For all those reasons, res judicata bars the rest of Jones's claims against Wells Fargo.

---

[6] Jones also raised the many of the claims she raises here in her quiet title action.  *See* Docket Item 1 at 12-14 (Jones's complaint in the quiet title action).

## III.   RAHMAN'S MOTION TO DISMISS

Rahman asks this Court to dismiss Jones's claims against him for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim.  The Court grants his motion.[7]

Jones sues Rahman, the current owner of the property, because she wants the property back from him; she does not allege that Rahman has harmed her in any way other than by purchasing the property in foreclosure.  *See generally* Docket Item 7.  But this Court cannot grant Jones that relief without reversing the state court judgment in the foreclosure action.  And for the reasons stated above, *Rooker-Feldman* bars this Court's review of that judgment. *See supra* section I.  So, Rahman is correct that this Court lacks subject matter jurisdiction over Jones's claims against him, and those claims therefore are dismissed.

## IV.   JONES'S MOTIONS FOR INJUNCTIVE RELIEF

Jones previously moved for a temporary restraining order, a preliminary injunction, and an expedited hearing to "stop a [f]raudulent sale" and effectively reverse the state court judgment of foreclosure.  *See* Docket Item 3 at 1.  This Court denied that

---

[7] Rahman did not submit the required memorandum of law with his motion to dismiss.  *See* Loc. R. Civ. P. 7(a)(2).  Moreover, Rahman filed his motion to dismiss before Jones amended the complaint.  *See* Docket Items 1, 5, and 7.  Rahman's motion to dismiss therefore addresses the allegations in Jones's initial complaint, not her amended complaint.  But because both the complaint and the amended complaint seek the same relief with respect to Rahman—the return of the property—the Court considers Rahman's motion to dismiss despite its deficiencies.  Besides, the Court can and must address "[i]ssues relating to subject matter jurisdiction" sua sponte "at any time."  *See Guddenheim Capital, LLC v. Birnbaum*, 772 F.3d 444, 449 (2d Cir. 2013); *see also Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998) ("[T]he court can raise [Article III issues] sua sponte." (italics omitted)).

motion on March 30, 2026, because under *Rooker-Feldman*, "federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state[ ]court decision."  *See* Docket Item 26 at 3-4 (citing *St. Maarten*, 2021 WL 2217503, at *2; *Vossbrinck*, 773 F.3d at 426).  "*Rooker-Feldman* therefore bars the injunctive relief that Jones request[ed], which 'amounts to an objection to the disposition of the foreclosure action' in state court[,]. . . even though Jones suggests that the foreclosure judgment was obtained through a fraudulent scheme to 'steal' her private property."  *Id.* at 5 (citations omitted).

In her second and third motions for injunctive relief, Jones again challenges the state court foreclosure judgment and asks this Court to "[v]acate the foreclosure sale," *see* Docket Item 23 at 2, and enjoin "any further sale, transfer, or encumbrance of the . . . property," *see* Docket Item 24 at 1.  But as the Court already has explained, it cannot review state court judgments.  *See St. Maarten*, 2021 WL 2217503, at *2; Docket Item 26.  Therefore, Jones's motions for injunctive relief, Docket Items 23 and 24, are denied.

## CONCLUSION

For the reasons stated above, the motions to dismiss brought by Rahman, Devlin, and Wells Fargo, Docket Items 5, 11, and 14, are GRANTED.  The Clerk of the Court shall remove Jahidur Rahman, Wells Fargo Bank N.A., and Diane Y. Devlin as defendants in this case.  Jones's motions to vacate the foreclosure sale, Docket Item 23, and for a temporary restraining order or preliminary injunction, Docket Item 24, are DENIED.

14

SO ORDERED.


Dated:   June 2, 2026
         Buffalo, New York



                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE